## Bonetti v. Northwest Polish American Citizens Association of Philadelphia (No. 2)

*Joseph Singer*, for plaintiff.

*Maxwell Pestcoe* and *Benjamin L. Long*, for defendant.

BURKE, Deputy Prothonotary, May 18, 1954.—On May 11, 1954, at 2:30 p.m. a hearing for the purpose of taxing costs in the above matter was held by the deputy prothonotary at which hearing were present Joseph Singer, Esq., for plaintiff, and Maxwell Pestcoe, Esq., for defendant.

On April 23, 1954, plaintiff filed a supplemental bill of costs in the above case. The only item listed in this bill was one for stenographic notes of testimony taken for use in this case. Defendant excepted on the ground that there is no warrant in law to charge for the costs of obtaining a copy of the notes of testimony in the trial of any case.

At the hearing, defendant cited the case of O'Donnell's Appeal, 56 D. & C. 462, decided in 1945, in support of his exception. This decision contains the following statement:

"The question of costs is purely statutory and in the absence of any statute which confers the right upon the Court to impose the costs of stenographer's fees on the parties to the litigation, such costs are to be paid as part of the general expenses of holding the Courts."

It is undoubtedly true that in the absence of statutory authority or of a rule of court based upon statute, there is no power to impose costs upon a losing party. Therefore, unless there is such authority, the item claimed as costs in the instant case cannot be allowed. In Hanna's Civil Practice Forms, vol. II, page 1502, it is stated: "No charge will be allowed for a stenographer for taking and transcribing depositions, except by previous agreement of counsel for the parties."

In Wadlinger's Law Costs in Pennsylvania appears the statement (page 94) :

"There is, however, no law providing for the payment of his (stenographer's) services as costs of the proceedings and, therefore, they cannot be taxed as such, unless the parties so agree. The agreement of the parties to a legal proceeding may make services performed or expenses incurred in a cause, taxable costs, though they were not so made by statute."

In the instant case, there is no evidence that the parties had agreed that the item of stenographer's charges should be taxed as costs.

In the case of Smith v. Levy, 19 Dist. R. 435, the court said:

"There is no statutory authority that we know of to support any such proposition, and it is a familiar rule that no costs can be claimed except such as are expressly allowed by some act of assembly."

A similar statement is to be found in the case of Adair v. Decker, 17 Dist. R. 614. .

Therefore defendant's exception is sustained and the plaintiff's supplemental bill of costs disallowed.